UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
JIN ZHAO,

             Plaintiff,

      -against-

STATE UNIVERSITY OF NEW YORK;
OLCAY BATUMAN, DOCTOR; STATE
UNIVERSITY OF NEW YORK DOWNSTATE
MEDICAL CENTER; RESEARCH
FOUNDATION FOR THE STATE
UNIVERSITY OF NEW YORK,

            Defendants.
---------------------------------------X

**ORDER**

04 Civ. 210 (KAM) (RML)

**MATSUMOTO, United States District Judge:**

      Plaintiff Jin Zhao ("plaintiff" or "Zhao") commenced this action in state court on November 28, 2003, alleging employment discrimination against defendants the State University of New York, Olcay Batuman, Doctor, State University of New York Downstate Medical Center, and the Research Foundation for the State University of New York (collectively, "defendants").

## BACKGROUND

      Plaintiff commenced this action in New York Supreme Court, and it was removed to the Eastern District of New York on January 20, 2004.[1]  After several attempts at settlement,

---

[1] Although this case was originally assigned to the Honorable Nina Gershon, in February 2006 it was reassigned to the Honorable Joseph Bianco, who granted summary judgment in favor of defendants on plaintiff's Title VII and breach of contract claims.  The case was ultimately reassigned to the Honorable Kiyo A. Matsumoto, who continues to be the presiding judge.  Magistrate Judge

extensive discovery and motion practice, trial began, as
scheduled, on January 10, 2011. (Minute Entry, dated 1/10/11.)
Notably, three days prior to trial, plaintiff discharged her
attorney, Susan Warnock, as evidenced by Ms. Warnock's letter to
the court, dated January 7, 2011, and exhibits attached to Ms.
Warnock's motion for attorney's fees. (ECF No 121, Letter by
Susan Warnock, dated 1/7/11; ECF No. 128, Ex. C, D.) Also on
the first day of trial, attorney Ming Hai, Esq. on behalf of
plaintiff Jin Zhao appeared as new counsel for plaintiff and
entered an appearance on the docket. (Minute Entry dated
1/10/11; ECF No. 120, Notice of Appearance by Ming Hai.)

    After opening statements, the parties notified the
court that they intended to settle the case for $70,000.
(Minute Entry dated 1/10/11.) At this time plaintiff was sworn
and all parties agreed to settle the action on the terms stated
on the record and provided in the court's January 10, 2011
minute entry. [2]   The court, after engaging in a series of

---

Robert Levy has been the assigned magistrate judge since the commencement of
this action.

[2] The relevant portions of the court's minute entry for proceedings held
before Judge Kiyo A. Matsumoto on January 10, 2011, are as follows: "Case
settled on the record thereafter. Plaintiff was sworn and all parties agreed
to settle this action on the terms stated on the record as follows: (1)
Plaintiff dismisses with prejudice and releases all defendants and the State
of New York of all claims, including but not limited to, claims of
discrimination raised in the complaint or that could have been raised up
until the time of the release, including all claims for attorneys' fees; (2)
Plaintiff understands that the settlement agreement is subject to the
requirements of Public Officers Law 17, including but not limited to approval
by the New York State Comptroller; (3) State University of New York and Dr.
Batuman shall pay their portion of the settlement to plaintiff within 100
days after the court 'so orders' the settlement, with interest accruing if

questions with plaintiff, was satisfied that plaintiff
understood the terms of the settlement agreement, had time to
confer with her counsel, and that plaintiff was agreeing to the
terms knowingly and voluntarily," and accordingly "so ordered"
the settlement on the record.  (Minute Entry dated 1/10/11.)  On
January 11, 2011, the court entered an order dismissing
plaintiff's claims with prejudice in accordance with the
settlement on the record.  (Order, dated 1/11/11.)

   On February 16, 2011, Susan Warnock, plaintiff's
counsel until plaintiff fired her on January 7, 2011, sought
attorney's fees from Zhao.  On April 19, 2011, Judge Levy issued
a Report and Recommendation recommending that the court award
Ms. Warnock fees in the amount of $56,758.78.  (*See* ECF No. 135,
Report and Recommendation ("R & R").)  On August 15, 2011, the
court adopted Judge Levy's R & R in its entirety.  (ECF No. 142,
Order Adopting Report and Recommendation to Award Attorney's

---

payment is not made on behalf of the State University of New York and Dr.
Batuman after 100 days; the payment by the State University of New York shall
be for compensatory damages and attorneys' fees, and the State University of
New York shall issue a 1099 form; (4) Research Foundation of the State
University of New York to pay its portion of the settlement to plaintiff
within 30 days after the court 'so orders' the settlement, and the payment of
the settlement shall be 50 percent for back pay and 50 percent for
compensatory damages; (5) Plaintiff Dr. Zhao agrees that she will not seek
employment from the State University of New York, the Research Foundation of
the State University of New York, or Dr. Batuman; and (6) Susan Warnock, Esq.
agrees to release the State University of New York, the State of New York,
the Research Foundation of the State University of New York, and Dr. Batuman
of any claims for attorneys' fees arising out of her representation of the
plaintiff. The court was satisfied that plaintiff understood the terms of the
settlement agreement, had time to confer with counsel, and that plaintiff was
agreeing to the terms knowingly and voluntarily. The court 'so ordered' the
settlement on the record."

Fees.) The court awarded Ms. Warnock these fees because plaintiff fired Ms. Warnock without cause, and plaintiff's objections to Ms. Warnock's representation were unsupported and lacked substance. (*Id.*) Plaintiff, proceeding *pro se*, appealed the fee award.[3] (ECF No. 147, Notice of Appeal as to Fee Award.)

On December 12, 2013, while the fee award appeal was pending in the Second Circuit, plaintiff filed two motions in the district court: (1) plaintiff requested a new trial in her employment discrimination case based on her claim that the settlement agreement was involuntary and never signed; and (2) plaintiff moved to recuse the district judge and magistrate judge from the case. (ECF Nos. 160, Request for Trial De Novo, 161, Request For Change of Judges.) On December 18, 2013, the court denied plaintiff's two post-judgment motions on the basis that plaintiff's appeal was pending in the Second Circuit. (Order, dated 12/18/13.) On January 2, 2014, plaintiff appealed the court's December 18, 2013 order.

On January 24, 2014, the Second Circuit affirmed the court's fee award to Ms. Warnock. *Zhao v. Warnock*, 551 F. App'x 18 (2d Cir. 2014). On August 20, 2015, the Second Circuit

---

[3] Plaintiff initially filed a letter with Chief Judge Carol Amon, appealing this court's Memorandum and Order Adopting Judge Levy's Report and Recommendation with respect to attorney's fees. (ECF No. 144.) Chief Judge Amon advised plaintiff that she had no authority to issue orders in a case assigned to another federal district court judge. (ECF No. 145, Letter from Judge Amon dated 8/17/11.) On August 26, 2011, plaintiff again wrote to Chief Judge Amon, complaining of racial discrimination on the part of Judge Matsumoto. (ECF No. 146, Letter dated 8/26/11.)

vacated the court's December 18, 2013 order and remanded for further proceedings. (ECF No. 169, Order Vacating and Remanding for Further Proceedings.) Specifically, the Court of Appeals directed this court to assess whether plaintiff's motions for recusal and her challenge to the settlement were timely under Federal Rule of Civil Procedure ("Rule") 60(c) and, if so, whether the motions assert valid grounds for relief under Rule 60(b).

## DISCUSSION

### I. Standard of Review

Rule 60(b) provides the district court with discretion to relieve a party from an order or judgment. Fed. R. Civ. P. 60(b)(1); *see also Niederland v. Chase*, 425 F. App'x 10, 11 (2d Cir. 2011); *Johnson v. Univ. of Rochester Med. Ctr.,* 642 F.3d 121, 125 (2d Cir. 2011). Rule 60(b) provides, in relevant part, as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying

it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  The purpose of Rule 60(b) is to strike a balance "between serving the ends of justice and preserving the finality of judgments."  *Harris v. City of New York,* 2012 WL 5464576, at *4 (S.D.N.Y. Nov. 9, 2012) (quoting *Nemaizer v. Baker,* 793 F.2d 58, 61 (2d Cir. 1986)).

Rule 60(c) provides that "[a] motion under Rule 60(b) must be made within a reasonable time — and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  To the extent plaintiff's motions are predicated on Rule 60(b)(3), i.e., fraud, misrepresentation or misconduct by an opposing party, they are untimely as they violate the prescribed one-year period.  Fed. R. Civ. P. 60(c)(1); *Niederland*, 425 F. App'x at 12.

Where a movant argues that "the judgment is void" pursuant to Rule 60(b)(4); "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable" pursuant to Rule 60(b)(5); or argues "any other reason that justifies relief" pursuant to Rule 60(b)(6), the one-year rule does not apply and the motion must be made "within a reasonable time" following the judgment or order.

Fed. R. Civ. P. 60(c); *see also* Fed. R. Civ. P. 60(b)(4)-(6).
"What constitutes reasonable time for the purposes of Rule
60(b)(6) will necessarily vary with the particular circumstances
of a case." *Hom v. Brennan*, 840 F. Supp. 2d 576, 581 (E.D.N.Y.
2011) (quoting *P.T. Busana Idaman Nurani v. Marissa by GHR
Indus. Trading Corp.,* 151 F.R.D. 32, 35 (S.D.N.Y. 1993)).
"Assessing whether a movant has satisfied the 'reasonable-time'
limitations requires 'scrutin[izing] the particular
circumstances of the case, and balanc[ing] the interests in
finality with the reason for delay.'" *Id.* (citing *PRC Harris,
Inc. v. Boeing Co.,* 700 F.2d 894, 897 (2d Cir. 1983) (internal
citations omitted)).

This Circuit will not examine the merits of a judgment
if the motion to set it aside was untimely. *Grace v. Bank Leumi
Trust Co. of NY*, 443 F.3d 180, 189 (2d Cir. 2006). The Second
Circuit has found reasonable a motion within eighteen months of
the entry of judgment, *Maisonet v. Conway,* No. 04-CV-2860, 2011
WL 317833, at *3 (E.D.N.Y. Jan. 31, 2011) (listing cases),
unless the movant shows good cause for the delay or mitigating
circumstances. *Korelis v. Pa. Hotel,* No. 99 CV 7135, 1999 WL
980954, at * 1 (2d Cir. Oct. 8, 1999) (internal citation
omitted); *see also  Rowe Entm't v. William Morris Agency Inc.*,
No. 98-CV-8272, 2012 WL 5464611, at *2 (S.D.N.Y. Nov. 8, 2012)
(denying relief where motion was filed seven years after the

entry of judgment and did not set forth good cause for the delay
or any mitigating circumstances).

The standard for granting motions pursuant to Rule
60(b) is "strict, and reconsideration will generally be denied
unless the moving party can point to controlling decisions or
data that the court overlooked - matters, in other words, that
might reasonably be expected to alter the conclusion reached by
the court." *Schlafman v. State Univ. of New York, Farmingdale*,
541 F. App'x 91, 92 (2d Cir. 2013) (citing *Shrader v. CSX
Transp., Inc., 70* F.3d 255, 257 (2d Cir. 1995)). Moreover, it
is well established that "a motion to reconsider should not be
granted where the moving party seeks solely to relitigate an
issue already decided." *Niederland*, 425 F. App'x at 12.
"Since 60(b) allows extraordinary judicial relief, it is invoked
only upon a showing of exceptional circumstances." *Flemming v.
New York,* 423 F. App'x 64, 65 (2d Cir. 2011) ("A] Rule 60(b)(6)
motion requires extraordinary circumstances which typically do
not exist where the applicant fails to move for relief
promptly."); *Nemaizer*, 793 F.2d at 61. "The 'extraordinary
circumstances' required for relief under Rule 60(b)(6) must also
suggest that the moving party 'is faultless in the delay.'"
*Orix Fin. Servs., Inc. v. Thunder Ridge Energy, Inc.,* No. 01-CV-
4788, 2008 WL 4414650, at *11 (S.D.N.Y. Sept 30, 2008) (quoting

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507
U.S. 380, 393 (1993)).

## II. Discussion

### A. **Timeliness**

On December 12, 2013, thirty-five months after the
January 10, 2011 settlement was formalized on the record and "so
ordered" by this court, and the January 11, 2011 Order of
Dismissal closing the case, plaintiff filed a "Request for Trial
De Novo" and "Apply for Change the Judges [*sic*]." (ECF Nos.
160, Request for a Trial De Novo; 161, Apply for Change the
Judge for the Case.)

As this case was ordered settled and dismissed with
prejudice prior to plaintiff's December 12, 2013 submissions,
the court construes plaintiff's motions as motions for
reconsideration or relief pursuant to Rule 60(b)(6).  Rule
60(b)(6) grants federal courts authority to relieve a party from
an order or final judgment provided that a motion "is not
premised on one of the grounds for relief enumerated in clauses
(b)(1) through (b)(5)." *Lee v. Marvel Enterprises, Inc.*, 765 F.
Supp. 2d 440, 452 (S.D.N.Y. 2011) *aff'd,* 471 F. App'x 14 (2d
Cir. 2012).  Thus, because plaintiff's motions do not fall
within the first five enumerated bases for reconsideration, the
court will analyze plaintiff's motions as motions pursuant to
Rule 60(b)(6), which provides relief for "any other reason that

justifies relief" from the operation of the judgment.  The one-year rule does not apply to motions pursuant to Rule 60(b)(6), however, they must be made "within a reasonable time" after entry of judgment,  Fed. R. Civ. P. 60(c), and supported by a showing of exceptional circumstances and that the moving party is without fault.

Here, the court finds that plaintiff's thirty-five month delay in bringing the pending motion is not reasonable. The Second Circuit and other district courts in this Circuit have found similar and shorter delays to be unreasonable.  *See, e.g.*, *Nevado v. United States*, 282 F. App'x 944, 946 (2d Cir. 2008) (twenty-eight month delay was unreasonable where movant made no attempt to justify the delay by presenting evidence of mitigating circumstances); *Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001) (twenty-six month delay was unreasonable); *Truskoski v. ESPN, Inc.*, 60 F.3d 74, 77 (2d Cir. 1995) (delay of eighteen months after judgment was unreasonable); *Graham v. Sullivan*, No. 86 Civ. 163(WK), 2002 WL 31175181, at *1 (S.D.N.Y. Sept. 23, 2002) (holding that *pro se* plaintiff's nineteen-month delay in bringing Rule 60(b) motion was unreasonable). Moreover, plaintiff has failed to provide the court with any explanation warranting a finding of good cause constituting extraordinary circumstances to justify her delay.  *See Nevado*, 282 F. App'x at 946; *Orix Fin. Servs.*, 2008 WL 4414650, at *11

10

("The 'extraordinary circumstances' required for relief under Rule 60(b)(6) must also suggest that the moving party 'is faultless in the delay.'").

With respect to her request for recusal of Judge Matsumoto and Judge Levy, plaintiff poses a series of questions, lettered A through R, asking among other things, why "the defendant abnormally changed Judge such frequently until a Japanese Judge added the Case" and why Judge Matsumoto "decided let the plaintiff loss her case before the trial and the juries step [*sic*]." (ECF No. 160, Request for Recusal.) Nowhere does plaintiff provide a reason or set forth mitigating circumstances for her thirty-five month delay in seeking reconsideration or a new trial based on her claim that the undersigned judge and Magistrate Judge Levy should be recused.

Although plaintiff alleges in her motions to vacate the settlement and for recusal that she is suffering from severe depression, she did not attribute her delay in filing these motions to her health or mental condition. In any event, allegations related to mental health are not – standing alone, at least – "extraordinary circumstances" sufficient to excuse or justify a lengthy delay. *Broadway v. City of New York,* No. 96-CV-2798, 2003 WL 21209635, at *4 (S.D.N.Y. May 21, 2003) (holding that *pro se* plaintiff who had been "in and out of the hospital, suffering from a mental condition and in and out of

11

prison" had not demonstrated "extraordinary" circumstances that would warrant reconsideration under Rule 60(b)(6)). Moreover, plaintiff was represented by counsel during the litigation, trial, and settlement. *See Ackermann v. United States*, 340 U.S. 193, 198, 200-02 (1950) (emphasizing, in denying relief under Rule 60(b)(6), that the petitioner was represented by able counsel).

Accordingly, the court finds that plaintiff's motions are untimely and must be denied on this basis.

B. **Plaintiff's Motions Lack Merit**

i. Plaintiff's Motion to Vacate the Settlement and for a New Trial

Even if plaintiff's reconsideration motions were timely, the court finds that plaintiff's motions lack merit. The court construes plaintiff's motion under the catch-all provision of Rule 60(b)(6), which permits reconsideration for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Pursuant to Rule 60(b)(6), however, plaintiff must demonstrate that either "extraordinary circumstances" or "extreme and undue hardship" warrant relief under Rule 60(b)(6). *Pabon v. Maciol*, 374 F. App'x 178, 180 (2d Cir. 2010) (affirming denial of reconsideration where appellant delayed four years from entry of judgment and failed to demonstrate that "extraordinary circumstances or extreme hardship" warranted

relief from the district court's judgment); *Korelis*, 199 F.3d at 1322 (affirming denial of reconsideration where appellant showed no "extraordinary circumstances" or "extreme hardship"); *United States v. Cirami,* 563 F.2d 26, 32 (2d Cir. 1977) ("It is well established, however, that a 'proper case' for Rule 60(b) relief is only one of 'extraordinary circumstances,' or 'extreme hardship.'"); *Ross v. Cooper*, No. 90-CV-304, 2008 WL 5062727, at *4 (S.D.N.Y. Nov. 24, 2008). The Second Circuit has also characterized the showing required to grant a Rule 60(b)(6) motion as one of "exceptional circumstances." *See Flemming v. New York,* 423 F. App'x 64, 65 (2d Cir. 2011) ("A] Rule 60(b)(6) motion requires extraordinary circumstances which typically do not exist where the applicant fails to move for relief promptly."); *New York City v. Green,* 420 F.3d 99, 108 n.3 (2d Cir. 2005); *Hom v. Brennan*, 840 F. Supp. 2d 576, 581 (E.D.N.Y. 2011).

Moreover, in order to qualify for relief under Rule 60(b)(6), a party must set forth "highly convincing material" in support of its motion. *D'Angelo v. State Farm Fire & Cas. Co.,* 32 F. App'x 604, 605 (2d Cir. 2002) ("Material offered in support of a motion to vacate under Rule 60(b)(6) must be highly convincing material."); *In re Evergreen Mut. Funds Fee Litig.,* 240 F.R.D. 115, 119 (S.D.N.Y. 2007) (Rule 60(b)(6) relief denied where movants' "blanket assertions of extraordinary

circumstances and undue hardship [we]re insufficient to support consideration under [Rule 60(b)(6)].").

Plaintiff has not made the necessary showing of extraordinary circumstances under Rule 60(b)(6) to warrant relief under either her motion for recusal or her motion to vacate the settlement and for a new trial. First, plaintiff has not alleged that the settlement was induced by fraud, misrepresentation, or other misconduct by the adverse party, nor that the defendant has violated the terms of the agreement. Rather, plaintiff reiterates in her motion that she did not sign the agreement, and simply states "PLAINTIFF NEVER SIGNS HER NAME ON THE SETTLEMENT PAPER" and that the Order dismissing the case on January 11, 2011 was never sent to plaintiff or her attorney, Mr. Hai. (ECF No. 161, Motion to Vacate Settlement at 14.)

Here, there was no physical settlement agreement between the parties. Instead, the parties appeared before the court, and plaintiff, represented by her attorney Mr. Hai, swore under oath that she understood the terms, had a chance to discuss the terms with her counsel, and thus agreed to the terms on the record. (Minute Entry dated 1/10/11.) The court, satisfied that plaintiff had time to consult her counsel, understood the terms of the agreement, and freely entered into the settlement agreement, so ordered the agreement as stated on the record. All of the represented parties received a copy of

the order entered via ECF on the court's docket. (*Id.*)  The

following day, the court entered an order dismissing the case,

which was again sent electronically via ECF to all attorneys of

record, including Mr. Hai, who had filed a notice of appearance

the prior day.  Because plaintiff was represented at the time,

neither the court, nor defendants, were obligated to effect

service on plaintiff herself, as service had been effected

through her counsel.

Plaintiff's attempt to argue that the settlement

agreement is unenforceable as unsigned is without merit.  There

was no physical settlement agreement to be signed because the

settlement was placed on the record before this court and

subsequently reduced to an order of the court in accordance with

the parties' assertions.  *McCloud v. Mayers*, No. 03-0236, 2005

WL 181649, at *1 (2d Cir. Jan. 25, 2005) (citing *Janus Films,

Inc. v. Miller,* 801 F.2d 578, 583 (2d Cir. 1986) ("A court's

authority to enforce a settlement by entry of judgment in the

underlying action is especially clear where the settlement is

reported to the court during the course of a trial or other

significant courtroom proceedings.")).  Indeed, an oral

agreement has the same binding force of law as one that was

entered to in writing.  *See Powell v. Omnicom*, 497 F.3d 124, 129

(2d Cir. 2007)(citing *Role v. Eureka Lodge No. 434, I.A. of M &

A.W. AFL–CIO,* 402 F.3d 314, 318 (2d Cir. 2005) (per curiam))

(affirming settlement agreement made on the record before the
court and noting that "voluntary, clear, explicit, and
unqualified stipulation of dismissal entered into by the parties
in court and on the record is enforceable even if the agreement
is never reduced to writing, signed, or filed.").

Plaintiff's allegations that her previous lawyer, Ms.
Warnock, "quit[] . . . just hours before the trial," is also not
supported by the record. In fact, the court has previously
found that evidence of communications between plaintiff and Ms.
Warnock establish that the attorney-client relationship was
terminated on January 7, 2011, at least three days prior to the
first day of trial. (*See* ECF No. 142, Order Adopting R & R at
4-5.) In any event, plaintiff appeared with new counsel for
trial and at the settlement hearing.

Finally, plaintiff claims that the case was settled
while she was suffering from "heavy depression." This argument
also lacks merit, because plaintiff appeared before this court,
swore under oath to the terms of the agreement, and acknowledged
on the record that she "underst[ood] that [she would] not be
allowed to come back at some later point and sue some other
employee or sue SUNY or the Research Foundation or Dr. Batuman
for anything else that arises out of this matter" if she
accepted the agreed-upon $70,000. (ECF No. 159, 1/10/11 Tr.
26.) The court confirmed again that plaintiff agreed to the

dismissal of all her claims against the defendants with prejudice in exchange for the settlement sum, to which plaintiff agreed. (*Id.*) Moreover, the court asked whether plaintiff was making her decision "freely and voluntarily" and asked whether she understood that she could go forward with trial. (Tr. 26-27.) The plaintiff nodded, which Mr. Hai advised was a confirmation, and the court again asked plaintiff directly whether she was voluntarily accepting the terms of the settlement agreement, to which plaintiff responded "Yes." (1/10/11 Tr. 27.) Finally, after the terms had been read aloud into the record, the court asked whether plaintiff understood the terms or had difficulty understanding what the court had advised her during the course of the hearing, to which plaintiff responded that she understood. (1/10/11 Tr. 32.)

Furthermore, following the Second Circuit's January 24, 2014 affirmation of the court's fee award to Ms. Warnock, the funds in the amount of $70,000 that defendants deposited with the court were released to Ms. Warnock and to plaintiff, in the amounts of $56,758.78 and $13,241.22 respectively as set forth in the court's order adopting Judge Levy's report and recommendation. (Order of Distribution of Funds, dated 6/18/15; ECF No. 142, Order Adopting Report and Recommendation.) There has been no indication that plaintiff has refused these monies, on the basis that the settlement was unenforceable or otherwise

not in effect.  Accordingly, the court finds no reason to vacate

its January 10, 2011 settlement order and denies plaintiff's

request to vacate the settlement and order a new trial.

### ii. Plaintiff's Request to Recuse the Judges

Plaintiff also seeks to recuse Judge Matsumoto and

Judge Levy "to ensure fairness to all parties" and alleges a

number of grounds in the form of questions in her "Apply [*sic*]

for Change the Judges for the Case [*sic*]." (Plaintiff's Request

for Recusal ("Recusal Mot.").)  Among the grounds stated,

plaintiff seeks recusal on the basis that the court "refused

plaintiff's requirements for the trial extension" and "ignored

plaintiff in heavy mental illness and force her went to the

trial procedure [*sic*]."  (Recusal Mot. ¶¶ G-H.)  Moreover, she

questioned why "Judge Levy still deliberately ignored conclusive

evidence and evaded his own previous words."  (*Id.* ¶ P.)  The

eighteen questions set forth in plaintiff's application suggest

that plaintiff seeks recusal on the grounds that Judge Matsumoto

and Judge Levy unfairly ignored plaintiff's evidence, presumably

in connection with her summary judgment opposition, denied

plaintiff's requests for an adjournment of her trial, and

awarded fees to plaintiff's prior counsel, Susan Warnock, Esq.

(*See generally* Recusal Mot.)

Section 455(a) of title 28 of the United States Code

provides that "[a]ny justice, judge, or magistrate judge . . .

shall disqualify himself in any proceeding in which his
impartiality might reasonably be questioned." *Liteky v. United
States,* 510 U.S. 540, 546 (1994); *Thomas v. New York City Hous.
Auth.*, No. 14-CV-4636, 2015 WL 2452576, at *2 (E.D.N.Y. May 20,
2015). "[A] judge should be disqualified only if it appears
that he or she harbors an aversion, hostility or disposition of
a kind that a fair-minded person could not set aside when
judging the dispute." *Liteky,* 510 U.S. at 546; *ISC Holding AG
v. Nobel Biocare Fin. AG*, 688 F.3d 98, 107-08 (2d Cir. 2012)
("The question, as we have put it, is whether 'an objective,
disinterested observer fully informed of the underlying facts,
[would] entertain significant doubt that justice would be done
absent recusal.'" (quoting *United States v. Carlton,* 534 F.3d
97, 100 (2d Cir. 2008)).

        Plaintiff has not made any factual allegations to
suggest that an objective, disinterested observer would question
either this court's or Judge Levy's impartiality because of this
court's or Judge Levy's rulings on defendant's motion for
summary judgment, which dismissed some of plaintiff's claims, or
the court's alleged denial of an adjournment of trial, or the
award of fees to plaintiff's attorney. In fact, the record does
not reflect that a request for an adjournment was made by
plaintiff's counsel, as no applications for an adjournment were
made at the in person pre-trial conference on December 6, 2010,

the pre-trial conference on December 22, 2010, or at the

telephonic final pre-trial conference held on January 4, 2011.

(Minute Entry dated 12/22/10; Minute Entry dated 1/4/11.)  Nor

were any requests made at the settlement conferences that were

held before Judge Levy leading up to the trial.  (Minute Entry

dated 12/22/10; Minute Entry dated 12/23/10; Minute Entry dated

1/3/11.) Moreover, neither plaintiff's counsel nor plaintiff

requested an adjournment on the first day of trial, January 10,

2011, and instead proceeded with opening statements.  (Minute

Entry dated 1/10/11.)

        In any event, disagreement with a court's decisions,

in and of itself, is not a sufficient basis on which the Court

would grant a recusal motion.  *LoCascio v. United States,* 473

F.3d 493, 495-96 (2d Cir. 2007) ("[J]udicial rulings alone

almost never constitute a valid basis for a bias or partiality

motion."); *S.E.C. v. Razmilovic,* No. 04-CV-2276, 2010 WL

2540762, at *4 (E.D.N.Y. June 14, 2010) ("Generally, claims of

judicial bias must be based on extrajudicial matters, and

adverse rulings, without more, will rarely suffice to provide a

reasonable basis for questioning a judge's impartiality.").

        Plaintiff's recusal motion is without merit  and is

therefore denied.  *Thomas v. New York City Hous. Auth.,* No. 14-

CV-4636, 2015 WL 2452576, at *3 (E.D.N.Y. May 20, 2015) (denying

recusal motion where plaintiff failed to make any factual

allegations regarding court's impartiality); *Razmilovic,* 2010 WL
2540762, at *4–5 (holding that the court would not recuse itself
when party moved for motion of recusal after judge made
"unfavorable rulings against [party] which ultimately led to the
entry of a default judgment against him on the issue of his
liability for violations of securities laws").

**CONCLUSION**

Accordingly, on remand, the court construes
plaintiff's December 12, 2013 requests as requests for
reconsideration pursuant to Rule 60(b) and denies her requests
(1) to vacate the settlement order and for a new trial; and (2)
for recusal of Judge Matsumoto and Levy, on the grounds that
these motions are untimely and without merit.  The Clerk of the
Court is respectfully directed to serve a copy of this order on
plaintiff, note service on the docket within three business
days, and terminate this case.

**SO ORDERED.**

Dated:  October 15, 2015
        Brooklyn, New York

                              /s/
                        _____

                        Kiyo A. Matsumoto
                        United States District Judge